```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

TEAL BAY ALLIANCES, LLC        *

           Plaintiff           *

       vs.                     *    CIVIL ACTION NO. MJG-13-2180

SOUTHBOUND ONE, INC.           *

           Defendant           *

*      *      *      *      *      *      *      *      *
```

## MEMORANDUM AND ORDER RE: PROTECTIVE ORDER

The Court has before it Defendant's Motion for Protective Order [Document 64], Plaintiff's Cross-Motion to Compel Production [Document 73-5] and the materials submitted relating thereto. The Court has conferred with counsel and finds that a formal hearing is unnecessary.

Plaintiff alleges infringement of its "Shorebilly" trademark by Defendant and seeks to recover the profits of the infringer that are attributable to the infringement. 15 U.S.C. § 1117(a).

Plaintiff seeks to require Defendant to comply with four document requests:

> REQUEST NO. 20:
>
> A copy of each check showing payment of the costs and/or expenses, which were deducted from "Gross Profit" in order to calculate "Net Ordinary Income," as listed

>on Defendant's "Statement of Revenues and Expenses" (SB-001012-SB-001013).
>
>REQUEST NO. 21:
>
>Documents showing a breakdown of the "Salaries and Wages" listed on Defendant's "Statement of Revenues and Expenses" (SB-001012-SB-001013), by (1) position of employee; (2) hourly wages; and (3) salaried wages.
>
>REQUEST NO. 24:
>
>Documents evidencing Defendant's sales of the shirts identified on Invoices 3965, 3964 and 3963 (see SB-000001-SB-000003), including documents evidencing the dates of such sales and the gross revenue generated by Defendant from such sales.
>
>REQUEST NO. 25:
>
>A digital copy of the Quickbooks data file(s) used to create the documents stamped Bates numbers SB-001012-SB-001026, including any required login information and passwords necessary to access the data contained in such files.

Def.'s Mem. 3-4 [Document 64-2].

Defendant contends that compliance with these requests would be unduly burdensome.

The instant case presents issues analogous to those presented in Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514 (2003) (referred to herein as "Bouchat"), a copyright case.  As stated therein:

> § 504(b) creates an initial presumption that the infringer's "profits ... attributable to the infringement" are equal to the infringer's gross revenue. Once the copyright owner has established the amount of the infringer's gross revenues, the burden shifts to the infringer to prove either that part or all of those revenues are "deductible expenses" (i.e., are not profits), or that they are "attributable to factors other than the copyrighted work."

Id. at 520 (citing Konor Enters., Inc. v. Eagle Publ'ns, Inc., 878 F.2d 138, 140 (4th Cir. 1989)).[1]

The Court will assume, for present purposes, that it will find that the Defendant infringed Plaintiff's trademark rights. Indeed, unless it so finds, there will no consideration of damages.

Plaintiff, like the plaintiff in Bouchat, contends that all of the profits of the Defendant, from all of its activities are attributable to the infringement. At trial, Plaintiff shall, presumably, present evidence of the gross receipts of Defendant from all activities. Defendant will,[2] presumably, seek to carry its burden to prove that there were no profits from any

---

[1] Note the similar wording in 17 U.S.C. § 1117(a), which states:
> In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.

[2] In addition to contending that there was no infringement.

infringement or, if there were any, they are not equal to Defendant's gross receipts.

An initial inquiry, as in Bouchat, would be whether all gross revenues, or only a portion of gross revenues, are attributable to the infringement. In Bouchat, this Court granted summary judgment with regard to all of the defendant's gross revenues other than those derived from the licensing of the use of the copyright-protected logo on various types of merchandise.

As discussed with counsel, in the instant case, assuming a finding of infringement, the Court could find (1) as Defendant contends, that the only source of income of Defendant attributable to the infringement was that derived from T-shirt sales, or (2) as Plaintiff contends, there were additional sources of income attributable to the infringement. Should Defendant prevail, the pertinent gross revenues would be the proceeds of T-shirt sales and the pertinent deductions to reach recoverable profits would be those expenses that Defendant would prove are properly deductible from the T-shirt sales revenue. The gross receipts and net profits from other activities would be moot.

Plaintiff currently seeks production of documents relating directly to T-shirt sales as well as to the details of other

activities of the Defendant. The cost to both parties of the production and utilization of the documents sought will be substantial and, as noted, may be totally unnecessary.

Under the circumstances, the Court shall sever from the scheduled trial, the discrete issue of the amount of profit, if any, from Defendant's operations other than T-shirt sales.

Based upon the trial evidence, the Court shall determine, whether Plaintiff has proven infringement and, if so, whether Defendant has proven that, except for income derived from T-shirt sales, there was no income derived that is attributable to the infringement.

If the Court finds infringement and Defendant does not carry its burden of proving that the revenues attributable to any infringement are limited to those derived from T-shirt sales, the trial shall proceed to a further hearing – to be held after permitting appropriate additional discovery – at which Defendant shall seek to carry its burden of proof in regard to the amount, if any, of profit from the revenues the Court finds attributable to infringement.

Accordingly:

1. Defendant's Motion for Protective Order [Document 64] is GRANTED IN PART.

2. Plaintiff's Cross-Motion to Compel Production [Document 73-5] is GRANTED IN PART.

3.  Defendant shall comply with Requests 20 and 24 with respect to T-shirt sales income and expenses.

4.  Defendant may defer compliance with the balance of the requested document production.

5.  Defendant shall produce documents to Plaintiff pursuant to this Order as promptly as feasible so that Plaintiff may utilize the documents in scheduled depositions.

    a.  This Order does not limit the scope of inquiry at pretrial depositions.

    b.  If the Court's findings render relevant the issue of Defendant's profits, if any, from its operations other than T-shirt sales, there shall be a further opportunity for appropriate discovery and a further evidentiary hearing.

SO ORDERED, on Monday, April 21, 2014.

/s/
Marvin J. Garbis
United States District Judge
