```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

TEAL BAY ALLIANCES, LLC          *

          Plaintiff              *

     vs.                         *    CIVIL ACTION NO. MJG-13-2180

SOUTHBOUND ONE, INC.             *

          Defendant              *

*    *    *    *    *    *    *    *    *
```

## MEMORANDUM AND ORDER RE: RULE 30(b)(6) DEPOSITION

The Court has before it Plaintiff's Motion to Compel the Continued Rule 30(b)(6) Deposition of Defendant and for Sanctions [Document 79] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

The transcript of the deposition of Daniel Robinson, Defendant's president and sole shareholder reflects a sufficient number of "I do not recall" responses to questions, to bring to mind the repeated "non mi ricordo" responses by Theodore Majocci in the Trial of Queen Caroline before English Parliament. Whether Mr. Robinson will be found credible at trial – as was Mr. Majocci by Parliament – or not – as was Mr. Majocci by just

about everyone else[1] - will be determined by the Court as the trier of fact in this case.

In any event, the Court finds that a continuation of the deposition will serve no purpose since Mr. Robinson's recollection cannot be refreshed and there appears to be no other person whom the Defendant should have designated for the Rule 30(b)(6) deposition.

Plaintiff seeks to have the Court draw inferences regarding the witness' credibility by virtue of his "I do not recall" answers.  If the case were proceeding to trial by jury, the Court would consider an instruction permitting, but not requiring, the jurors to draw credibility inferences should they find that the witness falsely claimed a lack of recollection.

---

[1]   Indeed, for many years the expression "non mi ricordo" was used to describe a person who knew the truth but declined to commit himself and a frequent subject of popular ridicule.  For example:
>	Theodore Majocci is my name,
>	And every one's aware.
>	From Italy I came
>	Against the Queen to swear,
>	I was sent to C[olonel] B[rowne']s,
>	When I was abroad O,
>	Who gave me many Crowns,
>	To say 'Non mi ricordo.'

See also Paul Mark Sandler, Cross-Examining the Dishonest Witness, The Art of Advocacy (June 6, 2013), http://www.attorneyadvocacy.com/2013/06/crossexamining the dishonest w.html (utilizing the impeachment of Majocci as "an example of ridiculing a perjured witness in closing argument without direct impeachment during the examination of the witness").

The Court, however, needs no such instruction. The Court shall make determinations as to the witness' credibility as factual findings made in light of the trial evidence. Moreover, the Court shall duly consider the extent – if at all – that Mr. Robinson's lack of recollection (actual or purported) might adversely affect Defendant's ability to carry the burden of proof on issues on which it has that burden.

Consideration of sanctions for the alleged false denials of recollection shall be deferred pending consideration of Mr. Robinson's trial testimony and other relevant evidence.

For the foregoing reasons:

1. Plaintiff's Motion to Compel the Continued Rule 30(b)(6) Deposition of Defendant and for Sanctions [Document 79] is DENIED IN PART and remains pending in part.

2. The Rule 30(b)(6) deposition shall not be continued.

3. The request for sanctions remains pending.

SO ORDERED, on <u>Thursday, June 19, 2014</u>.

/s/
Marvin J. Garbis
United States District Judge