```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

TEAL BAY ALLIANCES, LLC          *

        Plaintiff       *

        vs.             *   CIVIL ACTION NO. MJG-13-2180

SOUTHBOUND ONE, INC.             *

        Defendant       *

*   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER RE: COSTS/FEES

The Court has, as set forth in the Bench Trial Decision issued herewith, decided that Plaintiff Teal Bay Alliances, LLC ("Teal Bay") has failed to prove any of the claims it asserts against Defendant Southbound One, Inc. ("Southbound"). Southbound seeks to have "[t]he Court find this to be an exceptional case pursuant to 15 U.S.C. § 1117(a), and award[] Defendant its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a)." Answer 7, Prayer for Relief ¶ 4, ECF No. 23.

Title 15 U.S.C. § 1117 provides for recovery for violations of any right of the registrant of a mark registered in the Patent and Trademark Office. Section 1117(a) states, in pertinent part:

> The court in exceptional cases may award reasonable attorney fees to the prevailing party.

The United States Court of Appeals for the Fourth Circuit has held that a prevailing alleged infringer may be awarded attorney's fees under this provision in exceptional cases. See, e.g., Retail Servs., Inc. v. Freebies Publ'g, 364 F.3d 535, 550 (4th Cir. 2004).

The term "exceptional" is not defined in the statute.

I.   THE STANDARD FOR AN EXCEPTIONAL CASE

   A.   The Octane Fitness (Patent Case) Decision

In Octane Fitness, LLC v. Icon Health & Fitness, Inc., --- U.S. ----, 134 S. Ct. 1749 (2014), a patent infringement action, the Supreme Court defined the term "exceptional" as used in the Patent Act, 35 U.S.C. § 285, which states – in language identical to that used in 15 U.S.C. § 1117(a):

> The court in exceptional cases may award reasonable attorney fees to the prevailing party.

The Supreme Court rejected the Federal Circuit's prior standard requiring culpable conduct and held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, 134 S. Ct. at 1756.  The Court

stated that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id.

The Court further rejected the Federal Circuit's requirement that a party establish exceptionality by clear and convincing evidence and required proof by a preponderance of the evidence. Id. at 1758.

B. Applicability to Trademark Cases

The Fourth Circuit has not yet addressed the question of whether the Supreme Court's Octane Fitness definition of an exceptional case is applicable to trademark cases.[1]

As of this writing, only one circuit court has decided the question. The Third Circuit, in Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303 (3d Cir. 2014) stated:

> We believe that the Court [in Octane Fitness] was sending a clear message that it was defining 'exceptional' not just for the

---

[1] In the past, the Fourth Circuit has applied the trademark fee-shifting statute in a party-sensitive manner, i.e., the burden of proof for prevailing defendants has been lower than for prevailing plaintiffs. When a defendant prevails, the Fourth Circuit courts have considered "the closeness of the case, tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fairer allocation of the burdens of litigation between the winner and loser." Radiance Found., Inc. v. Nat'l Ass'n for the Advancement of Colored People, No. 2:13CV53, 2014 WL 2601747, at *27-28 (E.D. Va. June 10, 2014)(quoting McAirlaids, Inc. v. Kimberly-Clark Corp., 7:12CV578, 2014 WL 495748, *2 (W.D. Va. Feb. 6, 2014)).

> fee provision in the Patent Act, but for the fee provision in the Lanham Act as well.
>
> We therefore import Octane Fitness's definition of 'exceptionality' into our interpretation of § 35(a) of the Lanham Act [15 U.S.C. § 1117(a)].

764 F.3d at 315.

There have, to date, been few district court decisions addressing the matter. Compare Romag Fasteners, Inc. v. Fossil, Inc., No. 3:10CV1827 JBA, 2014 WL 4073204, at *5 (D. Conn. Aug. 14, 2014) ("[T]he Supreme Court was interpreting only the Patent Act and not the Lanham Act in Octane Fitness"), with BMW of N. Am., LLC v. Cuhadar, No. 6:14-CV-40-ORL-37DAB, 2014 WL 5420133, at *2 (M.D. Fla. July 10, 2014)("Although the instant case arises under the Lanham Act and Octane is a patent case . . . the Court finds the Octane analysis to be applicable in interpreting the identical provision at issue here.").

This Court finds persuasive the rationale of the Third Circuit as expressed in Fair Wind Sailing and predicts that the United States Court of Appeals for the Fourth Circuit will agree.

Accordingly, the Court shall decide the instant matter utilizing the Octane Fitness definition of an exceptional case.[2]

---

[2]   The Court notes that because this is a case with a prevailing defendant, the differences in interpretation of

C.   The Instant Case is "Exceptional"

Pursuant to Octane Fitness, a case is exceptional if it stands out from others 1) with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or 2) the unreasonable manner in which the case was litigated.

As set forth in the Bench Decision issued herewith, Teal Bay brought the instant case in federal court relying upon a trademark registration obtained, by means of a material false representation, to the United States Patent and Trademark Office.  Moreover, Teal Bay did not use its purported mark in commerce as a trademark prior to Southbound's first use in commerce of the name "Shorebilly Brewing Company."  Furthermore, even if Teal Bay had obtained any trademark rights in the name "Shorebilly" as identifying a t-shirt supplier, it did not establish that Southbound would have infringed its rights by utilizing the name "Shorebilly Brewing Company" to identify its food and beverage business on promotional t-shirts using that name and a logo having no similarity to Teal Bay's claimed trademark.[3]

---

"exceptional" are not as great as they would have been if we were dealing with a prevailing plaintiff.

[3]   Furthermore, even after Southbound – to avoid the expense and delay inherent in this litigation – voluntarily changed its name so as no longer use the word "shorebilly," Teal Bay

Accordingly, the Court hereby exercises its discretion and determines, considering the totality of the circumstances, that the instant case is "exceptional" as that term is used in 15 U.S.C. § 1117(a).  Moreover the Court exercises its discretion to issue to Southbound, an award of costs, including legal fees.

II.  THE AMOUNT TO AWARD

District courts have wide discretion to determine the amount of legal fees upon a determination that a case is exceptional.  See, e.g., Mercer v. Duke Univ., 401 F.3d 199, 211 (4th Cir. 2005) ("We have made it clear that the determination of a reasonable attorney's fee award is a decision for the district court to make, and the district court has broad discretion in that regard . . . ."); Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628 (4th Cir. 1995) ("It is for the district court in the first instance to calculate an appropriate award of attorney's fees.").

In the instant case, the Court finds that certain of the actions of Southbound in defending the case imposed unnecessary burdens on Teal Bay and on the Court.

---

persisted with the case, asserting damage claims that can, at best, be described as implausible.

For example, Southbound required briefing and a decision on the baseless contention that "shorebilly" could not be a trademark because the word was generic.  Counsel, somehow, neglected to note that generic words can be trademarks for products or services other than those identified by the word itself. For example, the word "apple" may be used as a trademark for computers but not for fruit.

More significantly, Southbound engaged in what can best be described as the "Shore Billy Biker Club" fiasco.  In brief, Southbound purportedly found that an Ocean City marina had, prior to Teal Bay's use of the name "shorebilly," been offering t-shirts bearing the name "Shore Billy Biker Club."  See Ltr., Nov. 5, 2013 [Document 26]. Southbound obtained a purported license from the marina and sought to use this as a defense. Id. Following discovery regarding this matter, however, Southbound completely abandoned the contention.  See Ltr., Jan. 6, 2014 [Document 38].

In view of Southbound's actions, significantly increasing the cost of litigation of the instant suit, the Court shall not award Southbound its full legal fees or even a substantial portion thereof.  Rather, the Court shall award the amount that it finds sufficient to recognize that Teal Bay should not have brought and pursued the case but also to recognize that

7

Southbound should not have asserted meritless defense contentions that needlessly increased the cost of litigation.

Under the circumstances, the Court shall award legal fees to Southbound on the basis of a <u>deliberate underestimate of the minimal amount</u> of legal fees incurred in regard to the trial of the instant case.  That is, the award amount will be determined based upon the Court's records of the time recorded as in session time for the four days on which the case was heard[4] [18 hours, 42 minutes], assuming that only Mr. Astrachan and Mr. Lyon can bill for their professional time, and on the unrealistic assumption that for an hour of in-court time, each of these lawyers devoted only one hour of out-of-court professional time.  Hence, the award shall be based upon charges by Mr. Astrachan and Mr. Lyon for a total of 37 hours, 24 minutes (37.4 hours).  The Court shall utilize the maximum hourly rate[5] in the Rules and Guidelines for Determining Attorneys' Fees contained in Appendix B to the U.S. District Court of Maryland Local Rules.

Accordingly, the amount of fees awarded shall be $30,855 per the following calculation:

---

[4]   July 21 – 5:42 hours, July 22 – 5:10 hours, July 23 – 3:05 hours, July 31 – 4:45 hours.
[5]   In recognition that the subject matter was more complex than the usual discovery dispute.

| Attorney | Years at Bar | Rate | Hours | Amount Allowed |
|---|---|---|---|---|
| James Astrachan | 40 | 475 | 37.4 | $ 17,765 |
| Christopher Lyon | 11 | 350 | 37.4 | $ 13,090 |
| Total | | | | $ 30,855 |

III. CONCLUSION

For the foregoing reasons:

1. The Court hereby awards Defendant Southbound, Inc. legal fees, pursuant to 15 U.S.C. § 1117(a) in the total amount of $30,855.

2. The Court further awards Defendant Southbound, Inc. assessable costs pursuant to U.S. District Court of Maryland Local Rule 109.1 in an amount to be determined upon the submission to the Clerk of a Bill of Costs.

3. The awards set forth herein shall be included in the Judgment to be issued by separate Order.

SO ORDERED, on Monday, January 26, 2015.

/s/
Marvin J. Garbis
United States District Judge